COMMONWEALTH *vs.* SCOTT CLEMENS. No. 03-P-686. September 2, 2004.
*Criminal Harassment.*

The defendant appeals from his conviction of criminal harassment, G. L.
c. 265, § 43A. The evidence showed five incidents, all of which took place at
one or another of the complainant's two places of employment, an Aveda
cosmetics store in the Natick Mall and Brandeis University in Waltham.

The first incident: the defendant stood at the door of the Aveda store as the
complainant was closing the shop for the night. He said, "So this is where
you work." She said the shop was closed, and the defendant walked away.
The second: the defendant entered Aveda, struck up a conversation with the
complainant and asked her to step out for a cup of lemonade. She said she
could not, she was working. He suggested she ask her boss for a few minutes
off, and she declined. During the conversation he gave her his name and said
he sold T-shirts in the mall. She told him her first name but not the last. The
third incident occurred at Brandeis, where the defendant, in his capacity as a
courier for a delivery service, stopped in an office to ask directions to the
addressee. (The destination was an office in an adjacent building, but one that
would normally be reached by passing through the building where the
complainant worked.) Someone else in the complainant's office gave direc-
tions, and the defendant left. A few minutes later, the defendant, having made
a delivery, walked by the complainant's office a second time, looking in and
seeing the complainant.

In the fourth encounter, the defendant was again making a delivery at Bran-
deis and stopped in the complainant's office again to ask for directions. The
complainant started to respond but was interrupted by a phone call. She said,
"Just a minute," and picked up the phone. During conversation, the defendant
left the office, in order, as he later explained, to ask someone else.

The complainant, having become concerned and fearful that the defendant
was shadowing her, made a telephone call to the Brandeis police, who
intercepted the defendant as he was leaving. The defendant at first denied
knowing a "Ms. Jeter" (not entirely implausibly, because she had not told her
last name) but was made to understand that the complainant wanted him to
stop popping up in her life.

The fifth incident occurred at the Aveda store two days later. The defendant
appeared at the shop, waited in a short line of customers, and when it was his
turn, the complainant said, "What's up?" In response, the defendant (accord-
ing to the complainant) merely smirked and walked away.

The conclusion that the judge drew from the evidence was that, although
the first four encounters were "relatively harmless,"[1] the final encounter was
the product of the defendant's anger at the complainant for having called the
Brandeis police, that the purpose was to intimidate the complainant, and that
"cumulatively . . . the last visit was willful and malicious and that [the
complainant] sustained substantial emotional distress."

Neither the evidence nor the judge's findings support a conviction of the

---

[1]His meaning, in context, seems to have been that although the first four encounters
were "disconcerting" to the complainant, they were not malicious in intent and were of
a casual type that would not be alarming to an objective observer.

crime of harassment set out in § 43A.[2] While we have no reported decisions concerning § 43A, its words were taken directly from the criminal stalking statute.[3] As to that statute, the decisions have made it clear that the quoted words require a showing of not less than three separate incidents of willful and malicious conduct, intended to alarm a specific person, that have the intended effect, and that would cause a reasonable person to suffer substantial emotional distress. See *Commonwealth* v. *Kwiatkowski*, 418 Mass. 543, 547-548 (1994); *Commonwealth* v. *Martinez*, 43 Mass. App. Ct. 408, 411 (1997); *Commonwealth* v. *Bibbo*, 50 Mass. App. Ct. 648, 652-653 (2001); *Commonwealth* v. *Julien*, 59 Mass. App. Ct. 679, 684-685 (2003). See also *Commonwealth* v. *Alphas*, 430 Mass. 8, 15 (1999). On the judge's findings, there was only one such incident, the fifth in a series of encounters, the first four of which did not qualify as harassment. While the complainant may have justifiably felt some discomfort at the unwanted advances of the defendant, those actions did not amount to criminal behavior.

> *Judgment reversed.*
>
> *Finding set aside.*
>
> *Judgment for the defendant.*

*Thomas B. Aquino* for the defendant.
*Douglas A. Levine*, Assistant District Attorney, for the Commonwealth.

---

[2]The harassment statute, G. L. c. 265, § 43A, inserted by St. 2000, c. 164, in relevant part, reads: "(a) Whoever willfully and maliciously engages in a knowing pattern of conduct or series of acts over a period of time directed at a specific person, which seriously alarms that person and would cause a reasonable person to suffer substantial emotional distress, shall be guilty of the crime of criminal harassment."

[3]The stalking statute, G. L. c. 265, § 43, as amended by St. 1996, c. 298, § 11, has one additional element not present in the harassment statute: "mak[ing] a threat with the intent to place the person in imminent fear of death or bodily injury."

